IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 06-11 |
| | ) | <u>See</u> Civil Action No. 09-32 |
| GERALD D. HARRIS, | ) | |
| | ) | |
| Defendant/petitioner. | ) | |

O R D E R

AND NOW, this 30th day of March, 2009, upon consideration of the United States of America's "Motion to Dismiss Defendant's Motion for Habeas Corpus Pursuant to [§] 2255" (document No. 71) filed in the above captioned matter on January 15, 2009, and upon further consideration of Petitioner Gerald D. Harris' <u>pro se</u> "Motion for Habeas Corpus Pursuant to § 2255" (document No. 67) and memorandum in support thereof (document No. 68) filed in the above captioned matter on January 13, 2009,

IT IS HEREBY ORDERED that the United States of America's Motion to Dismiss is GRANTED and Petitioner's Motion is hereby DISMISSED.

AND, further, upon consideration of Petitioner's Motion for Discovery (document No. 69) filed in the above captioned matter on January 13, 2009, Petitioner's Motion to Appoint Counsel (document No. 70) filed in the above captioned matter on January 13, 2009, and Petitioner's Petition for Documents Without Prepayment

(document No. 73) filed in the above captioned matter on February 10, 2009,

IT IS HEREBY ORDERED that said Motions are DENIED as moot.

The indictment in this case charged Petitioner with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e). On April 19, 2006, Petitioner changed his previous plea of not guilty to a plea of guilty. In connection with his change of plea, he and the Government entered into a plea agreement (document No. 37) which included a provision that Petitioner "further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence."[1] The Court accepted Petitioner's plea, and he was subsequently sentenced to 210 months' imprisonment and five years' supervised release. Petitioner appealed, and, on November 7, 2007, the Third Circuit Court of Appeals affirmed the judgment of this Court. Petitioner now has filed the present motion seeking to vacate his conviction and/or sentence under 28 U.S.C. § 2255.

Section 2255 permits "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the

---

[1] The Court notes that Petitioner's waiver of his right to file a *direct appeal* did contain certain exceptions; in particular, he retained the right to take a direct appeal from his conviction on the issue of whether the firearm recovered in this matter was lawfully seized. Petitioner's waiver of his right to file a Section 2255 motion or otherwise seek collateral relief, however, contained no such exceptions.

right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law ...[to] move the court which imposed the sentence to vacate, set aside or correct the sentence." However, in this case, it is not necessary for the Court to consider the merits of Petitioner's claims under Section 2255 because, pursuant to the plea agreement in this case, Petitioner has clearly and unambiguously waived his right to file a motion under Section 2255 or to otherwise seek collateral relief.

A criminal defendant's waiver of his right to file a motion under Section 2255 or to otherwise seek collateral relief is valid if entered into "knowingly and voluntarily" unless it would work a "miscarriage of justice." United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008). A district court has an affirmative duty to conduct an evaluation of the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice. See Mabry, 536 F.3d at 237-38. In the present case, Petitioner does not allege, much less present evidence suggesting or establishing, that he entered into the waiver contained in the plea agreement unknowingly or involuntarily.[2] Further, Petitioner does

---

[2] Petitioner merely, and incorrectly, mentions in his motion the "absence of a known or intelligent waiver by the movant to his right to bring
(continued...)

not allege that enforcing the waiver will work a miscarriage of justice.

Moreover, the Court's independent evaluation of the validity of the collateral waiver has not identified any reason why the waiver should not be enforced. It is evident from the transcript of the change of plea hearing in this case that, before accepting Petitioner's plea agreement, this Court assured itself that Petitioner had not been threatened to enter into the agreement and that no one had made any promises other than those contained in the plea agreement that induced him to plead guilty. The Government attorney explained in open court that Petitioner was waiving his right to file a motion to vacate sentence under Section 2255 attacking his conviction or sentence and the right to file any other collateral proceeding attacking his sentence or conviction, and Petitioner stated that he had agreed to the terms as stated by the Government attorney. In addition, the Court directly questioned Petitioner as to whether he understood that he had entered into an agreement in which he waived his right to file a motion to vacate his sentence or any other collateral proceeding attacking his conviction or sentence, and he answered in the affirmative. Furthermore, Petitioner signed the plea agreement and acknowledged, both in writing and to the Court verbally, that he had reviewed the plea agreement himself and discussed it with his attorney.

---

²(...continued)
the foregoing motion." In no way does he provide any basis for claiming that the waiver was, in fact, unknowing or involuntary.

Accordingly, nothing in the record demonstrates anything other than a knowing and voluntary waiver.

Likewise, there is nothing in the record that would suggest that enforcement would work a miscarriage of justice. Indeed, review of Petitioner's arguments and the record demonstrates that his issues are either procedurally defaulted or without merit. Moreover, his issues relate to the suppression hearing in this case, and it is noteworthy that Petitioner chose to plead guilty after the Court rendered its decision denying his motion to suppress and, in fact, indicated his satisfaction with the job his attorney had done for him at the time of his plea. Moreover, the plea agreement contained a provision allowing Petitioner to appeal this Court's denial of his suppression motion, a right that otherwise would have been waived by virtue of his guilty plea, so Petitioner substantially benefits from enforcement of the plea agreement.

Accordingly, Petitioner's motion is dismissed. Further, because the Court does not reach the merits of Petitioner's claims, there exists no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

/s/ T. McVerry
United States District Judge
(For Judge Alan N. Bloch)

ecf:   Counsel of record

cc:    Gerald D. Harris, #08794-068
       P.O. Box 19001
       Atwater, CA 95301